**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUAN ZHU, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-72713 Agency No. A079-801-709 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2013[**]
San Francisco, California

Before: KLEINFELD, THOMAS, and RAWLINSON, Circuit Judges.

Xuan Zhu petitions this Court for review of the Board of Immigration

Appeals' decision denying her asylum application. The BIA concluded that Zhu

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was not credible. Because substantial evidence supports this finding, we deny her petition.

When, as is the case here, "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir. 2005) (internal quotation marks omitted). We review the IJ's adverse credibility finding for substantial evidence, reversing only if "the petitioner's evidence was so compelling that no reasonable factfinder could find that he was not credible." Kin v. Holder, 595 F.3d 1050, 1054 (9th Cir. 2010) (internal quotation marks omitted). This case is not governed by the Real ID Act, so our pre-Real ID Act precedents apply.

Zhu's evidence does not meet the Kin standard. First, Zhu testified that she did not attend church in San Francisco but later testified that she had in fact attended church in that city. This inconsistency goes to the heart of her claim that she was persecuted on account of being a Christian. Second, Zhu testified that she had been in hiding from the Chinese family planning officials at the same time she was making daily reports to the Chinese police. This inconsistency also goes to the heart of her claim. Finally, Zhu testified inconsistently about when she was first

introduced to Christianity, which goes to the heart of her claim. See Don v. Gonzales, 476 F.3d 738, 741-743 (9th Cir. 2007).

Because these inconsistencies amount to substantial evidence supporting the IJ's adverse credibility finding, we need not address the other inconsistencies the IJ relied upon. In addition, because Zhu failed to carry her burden to establish her eligibility for asylum, we must necessarily affirm the BIA's denial of her application for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). Similarly, because Zhu's claim for relief under the Convention Against Torture is based on the same testimony that the IJ found to be not credible, we affirm the BIA's denial of that relief as well. See id. at 1157.

**PETITION DENIED.**